UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID CIRILLA,

                Plaintiff,

         -vs-                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL               17-CV-06353-CJS
SECURITY,

                Defendant.

_____

**APPEARANCES**

For Plaintiff:                     David Cirilla
                                        Pro Se
                                        14 Balsam Lane
                                        Fairport, NY 14450
                                        585-749-2178

For the Commissioner:       Graham Morrison, Esq.
                                        Social Security Administration
                                        Office of General Counsel
                                        26 Federal Plaza Room 3904
                                        New York, NY 10278
                                        (212) 264-2491

                                        Kathryn L. Smith, A.U.S.A.
                                        United States Attorney's Office
                                        100 State Street, Fifth Floor
                                        Rochester, NY 14614
                                        (585) 263-6760

## INTRODUCTION

**Siragusa, J.** David Robert Joseph Cirilla ("Plaintiff") brings this action pursuant to Title II of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits. Presently before the Court is the Commissioner's motion for judgment on the pleading pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Court grants Commissioner's motion, ECF No. 13, and affirms the Commissioner's decision denying benefits.

## PROCEDURAL HISTORY

On August 20, 2013, Plaintiff filed a claim for Supplemental Security Income, alleging disability beginning on August 20, 2013. ECF No. 1. The Social Security Administration denied his claims on November 16, 2013, and he appeared by video conference before an Administrative Law Judge ("ALJ") for a hearing on June 23, 2015, at which a vocational expert (VE) also testified. An attorney represented Plaintiff at the hearing. The ALJ issued a decision on November 9, 2016, which Plaintiff appealed. The Appeals Council affirmed the ALJ's decision on April 11, 2017, and Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) on June 5, 2017. Since Plaintiff filed no response to the Commissioner's application, the Court issued a letter order on June 18, 2018, ECF No. 15, notifying Plaintiff of his failure to respond pursuant to the Court's standing rules. In that order, the Court *sua sponte* extended Plaintiff's time to respond to July 3, 2018. To date, Plaintiff has made no response to the Commissioner's motion or the Court's recent order. Therefore, the Court has decided the case on the papers before it.

## THE ALJ'S DECISION

In this case, the ALJ applied the Commissioner's requisite five-step sequential evaluation for adjudicating disability claims, 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ found Plaintiff had not engaged in any substantial gainful employment since 2008. At step two, the ALJ determined that Plaintiff had the following severe impairment: Schizoaffective Disorder. At step three, the ALJ determined that the impairment did not medically exceed the severity of one of the Commissioner's listed impairments.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform all work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Plaintiff's only past relevant work was as a certified nursing assistant. R. 82. The ALJ found that the Plaintiff has the RFC to perform a full range of unskilled work at all exertional levels but with the following nonexertional limitations: he can perform unskilled work that does not require interaction with the public or more than superficial interaction with co-workers or supervisors. At step five, considering plaintiff's age, education, work experience, and RFC, the ALJ determined that a significant number of jobs existed in the national economy that he could perform, specifically: mail clerk, laboratory equipment cleaner, and microfilm document preparer. R. 25. Accordingly, the ALJ found Plaintiff not disabled. R 25.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's disability determination only if it is not supported by "substantial evidence," or if the Commissioner committed legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's

conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff has not opposed the Commissioner's application for judgment on the pleadings. However, using the points raised by Plaintiff's counsel in the administrative proceeding, R. 254–59, as a guide to the issues Plaintiff might have raised, the Court has reviewed the ALJ's decision and determined that her conclusions are supported by substantial evidence.

Plaintiff might have argued that there should have been more deference to his therapist, Mr. Peter Wilder ("Wilder"), since he met with Plaintiff much more frequently than the consultative physicians. Wilder stated, "I believe [Plaintiff] is a good candidate for Social Security given the impact his [sic] of his illness and the chronicity of it." The ALJ determined that Wilder's "therapy sessions support the claimant [sic] remains capable of performing work within the above residual functional capacity." R. 18. Furthermore, when Plaintiff stated he would like to work, Wilder wrote: "He reports he would eventually like to work but reports he is unable to at this time. This writer feels he is unable as well. He is poorly motivated and his ADL's appear to be poor." R. 452. Plaintiff may argue that greater weight should be given to Wilder's statements under SSR 06-03p, which states:

> Information from these "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.

SSR 06-3p.

The ALJ likely did not give greater weight to the therapist because he was not an acceptable medical source, and the information Wilder provided is not substantiated by the two

4

acceptable medical sources in the Record: G. Kleinerman, M.D., a non-examining consultative doctor, and Adam Brownfeld, Ph.D., a consultative psychologist.

The ALJ's reliance on Dr. Brownfeld was justified as he is an acceptable medical source, and his findings are supported by the medical records. Dr. Brownfeld stated that Plaintiff had mild to moderate limitations in appropriately dealing with stress, but that Plaintiff's psychiatric problems were not significant enough to interfere with his ability to function on a daily basis. R. 365–66. The ALJ did not solely rely on Dr. Brownfeld's findings however, giving them only partial weight, as the reports done by Wilder suggested deeper social limitations. R 20. At the Appeals Council level, Plaintiff took issue with Dr. Brownfeld's opinion as it was issued before Plaintiff's full medical record was presented and "Dr. Brownfeld's opinion was also based upon a single examination, which, combined with the paucity of medical evidence, gave the consultative psychologist an incomplete picture of claimant's long-term functioning." R. 259 (Letter from Catherine Lynch, Esq., to ODAR Falls Church NHC (Aug. 10, 2015)). As an acceptable medical source, Dr. Brownfeld's conclusion is given more deference; however, the ALJ limited the weight she gave his conclusion because the record suggested some further social limitations. R. 77. The ALJ gave partial weight to Dr. Brownfeld's opinion, as his opinion is consistent with the consultative examination findings by Dr. Kleinerman and Dr. Brownfeld as well as the remainder of the record, but determined that Plaintiff had moderate limitations in his social functioning. R 23. Dr. Brownfeld's opinion accounts for the claimant's subjective allegations that stress triggers his mental health symptoms. The course of Plaintiff's routine care with Wilder, admissions that Plaintiff looked for work, and evidence of his activities of daily living support Dr. Brownfeld's opinion that his symptoms were "significant enough to interfere with [his] ability to function on a daily basis." R. 366.

The ALJ gave only partial weight to the findings of Dr. Kleinerman, a state agency psychological consultant, in regards to his opinion that Plaintiff's drug habits had no more than a mild effect on his activities of daily living, social functioning, or concentration. R. 15, and that Plaintiff could perform the basic demands of competitive, remunerative unskilled to semi-skilled work on a sustained basis. The ALJ determined that the medical records implied further impairments than were identified by Dr. Kleinerman. R. 21. Wilder, despite not being an acceptable medical authority, was given some weight as well with regards to Plaintiff having moderate limitations in following instructions and performing complex tasks independently. R. 22. Wilder's statements were discounted in other aspects, such as checking off that that the Plaintiff was "permanently disabled," R. 385, as that is for the ALJ to decide. 20 C.F.R. § 404.1527(e)(1); *Snell v. Apfel*, 177 F.3d 128, 133–34 (2d Cir. 1999) ("the final question of disability is, as noted earlier, expressly reserved to the Commissioner").

Another possible issue Plaintiff might raise is that the hypothetical question posed to the vocational expert did not encompass all of Plaintiff's limitations. The ALJ asked the vocational expert the following question:

> I'm trying to reduce the stress level. So I'm looking for unskilled work that does not involve interacting with the general public, that—where interaction with coworkers and supervisors is occasional or superficial. No assembly lines, and no complex, changing instructions. No complex instructions, and the job should be pretty much the same from day to day.

R. 66. Plaintiff's treatment records indicated he told his providers that he experienced some symptom improvement with his medications, the dosages and numbers of which were decreased significantly over the relevant time period. R. 19. Furthermore, Plaintiff had inconsistent statements about how his disabilities affected his ability to work. R.16. Plaintiff has stated that "it was not God's time for him to work, he subsequently stated that God was now leading him to believe that he was ready to work, and that he was currently trying to get into

6

the workforce." R. 21; *see, e.g.*, *Kennedy v. Astrue*, 343 F. App'x 719, 720–21 (2d Cir. 2009) ("the ALJ concluded that Kennedy was capable of 'sedentary work….'" These findings are consistent with the opinions of Drs. DellaPorta, Everett, and Cole, and are further supported by Kennedy's testimony indicating that, in 2003, she took care of her disabled husband, helped him get dressed, took him to doctors' appointments, and served him food and beverages. Finally, we note that, as of September 2002, Kennedy told her doctor that she was looking for 'sedentary' work and taking GED classes."). Moreover, Plaintiff's recent firings were not linked to his limitations. "The claimant testified that he was fired from both of his past positions because of a cell phone violation and absenteeism." R. 20.

Another possible complaint Plaintiff could make is that he could not perform past relevant work, and could not preform the "other work" options suggested by the vocational expert. The Court determines that the ALJ's hypothetical question to the VE was correctly framed. Therefore, the vocational expert's testimony that Plaintiff could perform other work constitutes substantial evidence supporting the ALJ's decision. *See, e.g., McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). ("An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial record evidence to support the assumptions upon which the vocational expert based his opinion, and accurately reflect the limitations and capabilities of the claimant involved.") (internal quotations, alterations, citations omitted)). The ALJ appropriately relied on the vocational expert's testimony to find that that Plaintiff was capable of performing the unskilled jobs of mail clerk, laboratory equipment cleaner, and microfilm document preparer, and was therefore not "disabled" within the meaning of the Social Security Act.

CONCLUSION

For the foregoing reasons, the Court grants Commissioner's motion for judgment on the pleadings, ECF No. 11. The Court upholds the Commissioner's decision denying benefits. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED:   August 13, 2018
         Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge